**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  **CRYSTAL L. ELMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 14-CV-421-TCK-TLW** |
| **v.** | ) | |
| | ) | |
| 1.  **TEDFORD INSURANCE, a Domestic** | ) | |
| **Limited Partnership,** | ) | *Jury Trial Demanded* |
| | ) | |
| **Defendant.** | ) | *Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Crystal L. Elmore, Plaintiff in the above-entitled action, by and through her attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for her causes of action alleges as follows:

### JURISDICTION, VENUE, PARTIES

1.      Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2014) and 28 U.S.C.A. § 1343(a)(4) (West 2014), pursuant to claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*. (West 2014) and 42 U.S.C.A. § 1981 (West 2014).

2.      Venue is appropriate as all incidents alleged herein occurred within the Northern District of Oklahoma.

3.      Plaintiff Crystal L. Elmore, at all times relevant to the claims alleged herein, was and is a citizen of the State of Oklahoma and a resident of Tulsa County, Oklahoma.

4.      Defendant Tedford Insurance, at all times relevant to the claims alleged herein, upon information and belief, was and is a domestic limited partnership operating in and under the laws of the State of Oklahoma, was and is an employer affecting commerce with fifteen (15) or

more employees as defined under 42 U.S.C.A. § 2000e(b), and operates an insurance agency in the City of Jenks, Tulsa County, Oklahoma.

5.      Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

## STATEMENT OF THE FACTS

6.      Plaintiff Crystal L. Elmore incorporates paragraphs 1 through 5 herein as if fully set forth verbatim.

7.      Plaintiff was, at all times relevant to allegations contained herein, an employee of Defendant Tedford within the meaning of 42 U.S.C.A. § 2000e(f) (West 2014), working in the capacity of "Receptionist."

8.      Plaintiff is and was a member of a legally recognized protected class, i.e. African American.

9.      Plaintiff is and was a member of a legally recognized protected class, i.e., female.

10.      Defendant Tedford Insurance, at all times relevant to the claims alleged herein, was and is an employer within the meaning of 42 U.S.C.A. § 2000e(b) (West 2014), which, upon information and belief, employs more than 15 employees.

11.      Plaintiff Crystal Elmore was first employed with Defendant Tedford Insurance in November, 2010, through a temporary service.

12.      Plaintiff worked about ten days at that time, without incident, when she learned that she was pregnant.

13.      Plaintiff advised "Personal Lines Manager," Lisa Reichert, of her pregnancy, and Plaintiff was advised that day that her services were no longer needed at Tedford, who had

previously advised Plaintiff that she was being considered for a permanent position with Defendant.

14.     On May 23, 2011, Plaintiff was hired to work as a regular full-time employee, in the position of receptionist, with Defendant Tedford Insuarance, by Lisa Reichert, with starting pay of $13.00 per hour.

15.     Within one month of her starting date, Plaintiff was given a raise, to $13.75 per hour.

16.     Additionally, at the annual year-end review, Plaintiff was given another raise, to $14.00 per hour.

17.     During her first year of employment, Plaintiff inquired of Lisa Reichert as to why she was discharged in November, 2010.

18.     Reichert confirmed Plaintiff's original suspicions, admitting that Defendant discharged Plaintiff due to her pregnancy, in that Defendant did not wish to absorb the costs associated with maintaining Plaintiff's position, which would include obtaining a temporary replacement during pregnancy leave.

19.     After working for Defendant for about one year, Plaintiff began inquiring about promotion, expressing her desire to promote and asking what was needed on her part to obtain promotion.

20.     Several positions opened up in the following months, but others were hired or moved to those positions, including an executive assistant position and a "CSR" position, both of which would be promotions from Plaintiff's position as receptionist.

21.     Plaintiff specifically inquired of Reichert regarding the CSR position, and was informed by Reichert that Defendant was only seeking persons who were "certified" as CSR's for that position.

22.     Said CSR position was filled by hiring a female who had not worked in over 13 years, and further, was not a member of Plaintiff's protected class, i.e., African American.

23.     Additionally, Plaintiff began receiving criticisms from Reichert regarding Plaintiff's job performance, criticisms that had not been raised prior to Plaintiff making inquiries about promotions.

24.     Moreover, Plaintiff began experiencing alterations to her job duties that were not previously associated with those of receptionist, such as attending to dishes and picking up leaves.

25.     In addition to the tasks described in paragraph 14 above, Plaintiff lost the two daily 15-minute breaks she had received since the date of her re-hire in May, 2011.

26.     Due to these changes and being repeatedly passed over for promotion, on April 29, 2013, Plaintiff approached the CEO for Defendant, Mark Kochner, to discuss these matters.

27.     In response to Plaintiff expressing her interest in attending courses to become certified for the CSR position, as Plaintiff did not wish to remain a receptionist, Kochner told Plaintiff that certification is not necessary for her position (receptionist), and that Plaintiff, being a Christian woman, should measure her value by how many people she served, as it is "better to give than receive."

28.     In the first week of June, 2013, Plaintiff discovered she was pregnant again.

29.     Despite her trepidation due to what had occurred to her in 2010, Plaintiff approached Lisa Reichert and advised Reichert of her pregnancy.

30.     In the succeeding weeks, Plaintiff again began experiencing criticisms from Reichert about her job performance.

31.     Further, Reichert advised Plaintiff that Plaintiff would not be able to use any more of her personal time off ("PTO") for pre-natal appointments as Plaintiff would not have enough time available for maternity leave; instead, Plaintiff would have to work through lunch to make up for the time taken for said appointments.

32.     However, this assertion by Reichert was false, as Plaintiff had deducted from her check, on a regular basis, short term disability payments which were designed to cover such situations.

33.     Additionally, Plaintiff's situation was specifically mentioned by Mike Tedford as one qualifying under the short term disability coverage during a benefits meeting, and further, Plaintiff was advised by the benefits coordinator after that meeting that she could use her short term disability insurance to cover her maternity leave.

34.     The complaints from Reichert about Plaintiff's job performance escalated from that point forward.

35.     In late August, 2013, Plaintiff was advised by an acquaintance that Lisa Reichert had just interviewed another for Plaintiff's receptionist position, stating that it would be open in two weeks.

36.     On September 10, 2013, Plaintiff was discharged from her position by Lisa Reichert.

37.     In the wake of her discharge, Plaintiff was awarded unemployment compensation by the Oklahoma Employment Security Commission, which found that her discharge did not qualify as "for cause," i.e., it was not based upon misconduct.

38.     Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), on or about January 13, 2014, by and through her retained counsel.

39.     On April 30, 2014, the EEOC issued a "Dismissal and Notice of Rights" or "Right to Sue Letter," meaning that this matter has been timely filed, within ninety (90) days of the receipt of said Right to Sue Letter.

### FIRST CAUSE OF ACTION
#### UNLAWFUL DISCRIMINATION
#### TITLE VII, 42 U.S.C.A. § 2000e(k) (WEST 2014)
#### AS TO DEFENDANT TEDFORD INSURANCE

40.     Plaintiff Crystal L. Elmore incorporates paragraphs 1 through 39 herein as if fully set forth verbatim.

41.     Plaintiff was a member of a protected class under the Act, specifically, a pregnant female.

42.     Plaintiff was doing satisfactory work in her role as receptionist for Defendant.

43.     Plaintiff advised Defendant that she was pregnant in June, 2013.

44.     In response, Defendant, through Plaintiff's supervisor, immediately began subjecting Plaintiff to unwarranted and unsubstantiated complaints regarding her job performance.

45.     Within weeks of Plaintiff advising Defendant she was pregnant, Plaintiff was discharged and replaced by another who was not pregnant.

46.     As a result of the actions constituting unlawful discrimination because of Plaintiff's sex, i.e., because of her pregnancy, Plaintiff's rights were violated, causing her injury.

## SECOND CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION
### TITLE VII, 42 U.S.C.A. § 2000e *et seq.* (WEST 2014)
### AS TO DEFENDANT TEDFORD INSURANCE

47.     Plaintiff Crystal L. Elmore incorporates paragraphs 1 through 46 herein as if fully set forth verbatim.

48.     Plaintiff was a member of a protected class under the Act, specifically, a person of African-American descent.

49.     Plaintiff applied for promotions for a number of positions for which she was qualified.

50.     Plaintiff was denied said promotions.

51.     Others not within Plaintiff's class and who were similarly or less qualified than Plaintiff were hired or promoted to fill the positions for which Plaintiff made application.

52.     As a result of the actions constituting unlawful discrimination because of Plaintiff's race, Plaintiff's rights were violated, causing her injury.

## THIRD CAUSE OF ACTION
### UNLAWFUL DISCRIMINATION
### 42 U.S.C.A. § 1981 (WEST 2014)
### AS TO DEFENDANT TEDFORD INSURANCE

53.     Plaintiff Crystal L. Elmore incorporates paragraphs 1 through 52 herein as if fully set forth verbatim.

54.     Plaintiff was a member of a protected class under the Act, specifically, a person of African-American descent.

55.     Plaintiff applied for promotions for a number of positions for which she was qualified.

56.     Plaintiff was denied said promotions.

57.     Others not within Plaintiff's class and who were similarly or less qualified than Plaintiff were hired or promoted to fill the positions for which Plaintiff made application.

58.     As a result of the actions constituting unlawful discrimination because of Plaintiff's race, Plaintiff's rights were violated, causing her injury.

## PUNITIVE AND EXEMPLARY DAMAGES

59.     Plaintiff Crystal L. Elmore incorporates paragraphs 1 through 58 herein as if fully set forth verbatim.

60.     The acts and omissions by Defendant, as set forth in the preceding paragraphs, demonstrate that Defendant was engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

61.     As a direct result of Defendant's malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Crystal L. Elmore prays this Court to grant to her the following relief:

A.     Judgment against each Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00);

B.     Punitive damages against each Defendant where permitted by law;

C.      Order Defendants to pay the attorney fees, costs, and accruing interest incurred by Plaintiff in prosecuting this matter;

D.     Any other such further relief this Court deems just and proper.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid–Continent Tower, Suite 450
Tulsa, Oklahoma 74103
(918) 924-5101 – Telephone
(918) 512-4888 - Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
***Attorneys for Plaintiff:***
***Crystal J. Elmore***